*EBENEZER AUSTIN & AL. *versus* JOHN CARTER & AL.

Surveyors of highways, *as such,* have no authority except as to highways on land.
Proprietor of land bounded on the *sea* has the exclusive right to *low-water* mark.

TRESPASS for breaking and entering the close of the plaintiffs in *Charlestown,* on and adjoining to *Charles River* there, and cutting down piers, &c., by the plaintiffs therein erected.

Plea, (with a reservation to give any special matter in evidence,) the general issue, which (consenting to the reservation) was joined; and there was also filed in the case an agreement of the parties that either of the defendants might give in evidence any special matter which might have been pleaded in justification.

The plaintiffs proved their title and possession to a tract of land in *Charlestown,* adjoining to *Charles River* there, in which the tide ebbs and flows; and that the piers alleged in the declaration to have been destroyed by the defendants, were erected by the plaintiffs in the close aforesaid, between high and low-water marks, and were cut down by the defendants.

*Ward,* for the defendants, grounded his defence on a right which the inhabitants of *Charlestown* had, as he contended, to the occupation of the waters of *Charles River,* where the piers were erected, and which the defendants cut down and removed as obstructing them in the exercise of that right; and he stated that the defence would rest on three grounds—*First,* that one of the defendants, being a surveyor of highways in and for the town of *Charlestown,* entered, with the others as his assistants, and removed the piers as a nuisance on a public highway; *secondly,* that the defendants were selectmen of the town, and entered in the right of the corporation, and removed the piers; and *thirdly,* that every individual inhabitant, as such, of the town, had a right to the use of the waters of *Charles River,* and that the defendants, being inhabitants * of *Charlestown,* entered and removed the piers, [ * 232 ] as obstructing them in the free exercise of that right.

The *Attorney-General,* (*Sullivan,*) for the plaintiffs, insisted that the defence stated was irrelevant, because, *First,* surveyors of highways, as such, have no authority excepting as to highways and roads on land—such ways as they are obliged to keep in repair; *secondly,* because the town, as a corporation, had no such right as was claimed, the land to low-water mark belonging to the proprietor of the adjoining land; and *thirdly,* that although it is true that the individual inhabitants of *Charlestown,* and so also all the inhabitants of the commonwealth, had a right to pass and repass on the waters so

long as the owner of the adjoining land leaves them open and unobstructed, yet the owner of the adjoining land may, whenever he pleases, inclose, build, and obstruct to low-water-mark, and exclude all mankind.

The Court were unanimously of opinion with the *Attorney-General*, particularly on the two last points, which they said had been repeatedly *so* decided, and directed a verdict for the plaintiffs. (*a*)

(*a*) [*Storer* vs. *Freeman*, 6 *Mass*. 435.—*Commonwealth* vs. *Inhabitants of Charlestown* 1 *Pick.* 180.—ED.]